# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

STEARN & COMPANY, L.L.C.
and STEVEN E STEARN,

        Plaintiffs.

v.                                                             Case No. 06-CV-14923-DT

UNITED STATES OF AMERICA,
DEPARTMENT OF TREASURY,
INTERNAL REVENUE SERVICE,

        Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO AFFIRM

On November 1, 2006, Plaintiffs Stearn & Company, LLC ("Stearn & Co.") and Steven Stearn ("Stearn") initiated this action, seeking to set aside the Internal Revenue Service Office of Appeal's ("Office of Appeals's") determination. Currently pending before the court is Defendant Internal Revenue Service's ("IRS's") April 20, 2007 motion to affirm the Office of Appeals's determination. For the reasons stated below, the court will grant the IRS's motion.

### I. BACKGROUND

The following facts are uncontested. Stearn formed Stearn & Co., an LLC, in February of 1999 and, at all times, Stearn was the sole member of his company. (Stip. at ¶¶ 1-2, Def.'s Ex. 1.) Stearn never elected to have Stearn & Co. treated as a corporation for federal tax purposes. (*Id*. at ¶ 3.) The company was therefore classified as a "disregarded entity" and was treated as a sole proprietorship for "federal tax purposes." *See* Treas. Reg. §§ 301.7701-3(a).

Since 2004, Stearn & Co. has ceased its operations. (Determination at 3, Def.'s Ex. 5.) Between the third fiscal quarter of 2000 and the last fiscal quarter of 2002, Stearn failed to pay certain employment taxes owed by Stearn & Co. to the IRS. (IRS Notice at 2, Def.'s Ex. 2.) On January 24, 2006, the IRS notified Stearn that, as of March 1, 2006, he owed $66,096.07 of unpaid employment taxes. (*Id*.) On February 17, 2006, Stearn requested a collection due process hearing. (Pl.'s Request, Def.'s Ex. 3.) At the hearing, Stearn did not contest the amount assessed in unpaid federal employment taxes or his individual liability for the trust fund portion of the payroll tax debt because he is a responsible agent under 28 U.S.C. § 6672. (Determination at 5, Def.'s Ex. 5.) He did argue, however, that the IRS had no authority to collect the penalties and additional interest that accrued because sole proprietors of limited liability companies are protected from this type of liability. (*Id*.)

At the conclusion of the October 5, 2006 collection due process hearing, the Office of Appeals issued a determination sustaining the IRS's levy action against Stearn for the full amount of $66,096.07 owed by Stearn & Co. (*Id.*) On November 1, 2006, Stearn filed suit against the United States of America challenging the decision of the Office of Appeals. On April 20, 2007, the United States filed a motion to affirm the determination of the Office of Appeals, seeking payment of the full amount levied against Stearn.

## II. STANDARD

The Sixth Circuit has recently stated that "it is proper to review the IRS Appeals Office de novo with respect to decisions about the underlying tax liability and for abuse

2

of discretion with respect to all other decisions." *Living Care Alternatives of Utica v. United States*, 411 F.3d 621, 625 (6th Cir. 2005). Accordingly, the court will review the Office of Appeals's determination under the abuse of discretion standard because Stearn disputes only the ability of the IRS to levy Stearn & Co.'s unpaid federal employment taxes upon Stearn himself, and he does not dispute the validity of the tax liability itself.

### III. DISCUSSION

#### A. "Check-The-Box" Regulations

Effective January 1, 1997, the Treasury Department enacted "check-the-box" regulations that enable most business entities to elect their classification for federal tax purposes. *See* Treas. Reg. § 301.7701-1 through -3, 26 CFR § 301.7701-1 through -3. As a result, businesses that are not publicly traded may elect to be treated as a corporation, a partnership or a "disregarded entity" in the case of entities with only one owner. 26 CFR § 301.7701-3. As stated above, Stearn never elected to have Stearn & Co. treated as a corporation for federal tax purposes and Stearn & Co. was therefore classified as a "disregarded entity" and was treated as a sole proprietorship for "federal tax purposes." *Id*.

Stearn does not contest Stearn & Co.'s classification as a disregarded entity for income tax purposes, but he does assert that the "check-the-box" regulations, specifically Treasury Regulation § 301.7701-3, do not apply to federal employment taxation. (Pls.' Resp. at 4.) Even if the court accepted Stearn's contention that federal income tax is an obligation, while federal employment tax is actually a liability, the

3

statutory language of Treas. Reg. § 301.7701-3 does not distinguish between the two. The plain language of 26 CFR § 301.7701-3 states, however, that the classification applies to "federal tax purposes," and does not limit its application to federal income taxation. Regardless of what differences may exist between income and employment taxes, Treas. Reg. § 301.7701-3 does not treat federal income and employment tax differently for the purposes of federal taxation. Therefore, Stearn's reliance on these asserted characteristic differences between federal income and federal employment taxes is unpersuasive.

Stearn also justifies his narrow construction of the phrase "federal tax purposes" by citing a proposed amendment to the code. (*Id*. at 5; Pls.' Sur-Reply at 4 (quoting 70 F.R. § 60475).) He claims that the proposed regulation "confirms that the regulations concerning disregarded entities 'do not apply' in the context of employment taxes," and while proposed regulations are not law, "[a] new regulation would not be proposed in open conflict with an existing one," so the existing regulations must also have excluded employment taxation from the "check-the-box" regulations. (Pls.' Resp. at 5.) Although the proposed amendment on which Stearn relies advocates treating owners separately from their disregarded entities for employment tax purposes, it also specifically states in its background section 2 that, under the regulation that was in force during the entire length of Stearn & Co.'s existance, "the owner of the disregarded entity is treated as the employer for purposes of employment tax liabilities and other employment tax obligations related to wages paid to employees performing services for the disregarded entity." 70 FR § 60475. Furthermore, a recent Sixth Circuit opinion found that a sole

4

proprietor of a disregarded entity is "liable individually for the employment taxes due and owing from [the disregarded entity] . . . ." *Littriello v. United States*, 484 F.3d 372, 378 (6th Cir. 2007). The *Littriello* court rejected the plaintiff's attempt to argue that "the proposed amendments should be taken as reflecting current Treasury Department policy and applied to his case." *Id*. at 379. Accordingly, the Office of Appeals correctly relied on *Littriello* in holding that the "check-the-box" regulations apply to employment taxes and render Stearn liable for all of Stearn & Co.'s employment taxes.

### B. Limited Liability Company Protection

Stearn also argues that Stearn & Co.'s limited liability status under Michigan law limits his liability as the entity's sole member. (Pls.' Sur-Reply at 3.) He further contends that the IRS's attempt to collect employment taxes from him individually is an impermissible effort to "redefine a property interest as created by state law." (*Id*.) As the IRS points out in its reply, the Sixth Circuit has addressed this argument and rejected it. *See Littriello*, 484 F.3d at 378 (rejecting the plaintiff's argument "that the IRS must recognize the separate existence of his LLCs as a matter of state law"). The *Littriello* court noted that "[t]he federal government has historically disregarded state classifications of businesses for some federal tax purposes," and while "state laws of incorporation control various aspects of business relations; they may affect, but do not necessarily control, federal tax provisions." *Id*. at 379 (citations omitted). The court concluded that the plaintiff's "single-member LLCs are entitled to whatever advantages state law may extend, but state law cannot abrogate his federal tax liability." *Id*.

Stearn argues that *Littriello* does not apply because "[o]ur analysis focus not on

5

whether a federal tax liability should be abrogated, but whether a valid property interest ever existed [on] which a federal tax liability may attach." (Pls.' Resp. at 7.) Because the court agrees with the Office of Appeals's determination that, under the "check-the-box" regulations, employment taxes are properly assessed against a sole owner who waives LLC protections and chooses to have its company treated as a disregarded entity, the court has already found that federal tax liability may attach to Stearn individually. *See Kandi v. United States*, No. C05-0840C, 2006 WL 83463 *5 (W.D. Wash. Jan. 11, 2006) ("[E]mployment taxes for a single-member LLC that has not made a check-the-box election begin as a member/owner liability and are never attributable to the LLC. Because employment taxes are a member liability, they are properly assessable against the member."). There is, therefore, no basis to distinguish *Littriello's* holding that state law cannot abrogate this liability. Accordingly, the court finds that the Office of Appeals did not abuse its discretion in determining that Stearn & Co.'s status as an LLC under Michigan law does not prevent the IRS from levying against its sole owner all unpaid federal employment taxes.

### C. Notice

The IRS is required to give adequate notice "to each person liable for the unpaid tax." 28 U.S.C. § 6303. Stearn asserts that he never received adequate notice that, as the sole owner of a disregarded entity, he would be liable for its employment tax liability.

As an initial matter, Stearn has not shown that the court can review this issue. A district court may only review the issues that were raised during the collection due process hearing. 26 C.F.R. 301.6330-1(f)(2). Although Stearn argues in his sur-reply

6

that he did raise the issue orally at the hearing, the Office of Appeals's determination never addresses this issue.

Even if the court were to consider Stearn's notice claim, it would fail on the merits for the reasons stated below. It is uncontested that the IRS released notices and pronouncements regarding employment tax liability for single-member limited liability company owners who have elected disregarded status. See Notice 99-6, 1999-1 C.B. 321; IRS Chief Couns. Off. Mem. 199930013 (July 30, 1999). Although Stearn submits that these notices did not provide him with notice that he would be liable for more than his admitted trust fund liability as a responsible agent under 28 U.S.C. § 6672, the plain meaning of the notices do not support this narrow reading: "[i]f the [disregarded] method is chosen, the owner retains ultimate responsibility for the employment tax obligations incurred with respect to the employees of the disregarded entity." Notice 99-6, 1999-1 C.B. 321.

Accordingly, even if Stearn had not waived his notice argument, the IRS notices cited above provided sufficient notice that Stearn would be personally responsible for Stearn & Co.'s employment tax laibility.

## IV. CONCLUSION

For the reasons states above, IT IS ORDERED that Defendant's motion to affirm [Dkt. #7] is GRANTED.

S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: June 29, 2007


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 29, 2007, by electronic and/or ordinary mail.

                                              <u>S/Lisa Wagner</u>
                                              Case Manager and Deputy Clerk
                                              (313) 234-5522